# COMPLAINT
(for filer who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN



U.S. District Court
Wisconsin Eastern

JUL 1 6 2018

FILED
Stephen C. Dries, Clerk

(Full name of plaintiff(s))

### KENYATTA SOBEASR CLINCY #163887,

_____ ,

_____ ,

_____ ,

Vs.

(Full name of defendant(s)

Case Number:

## 18-C-1093

(to be supplied by clerk of court)

1);    LAURA GRAMLING-PEREZ,
2);    GUST PETROPOULOS  ,
3);    DANIEL P. THOMPSON  ,
4);    GRANT I. HUEBNER  ,
5);    ANN T. BOWE  ,
6);    LORI A. KUEHN  ,
7);    ELLEN R. BROSTROM  ,
8);    PAMELA MOORSHEAD  ,

A.    PARTIES

   1.    Plaintiff is a citizen of _____ Wisconsin _____ , and is located at
                                                   (State)

   K.M.C.I. P.O. BOX 282, PLYMOUTH, WI 53073 _____ .
                            (Address of prison or jail)

   (If more than, one plaintiff is filing use another piece of paper)

   2.    Defendant _____ Laura Gramling-Perez _____ .
                                                   (Name)

**Complaint -1**

is (if a person or private corporation) a citizen of _____Wisconsin_____.

and (if a person) resides at _____J.J.C. - 10201 W. Watertown Plank Rd. RM 2414, Wauwatosa, WI 53226_____.
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for;___1st Judicial District of Wisconsin Court Commissioner; 901 N. 9th Street, Milwaukee, WI 53233,___
(Employer's Name and address, if known)

(If you need to list more defendants, use another peace of paper.)

B.      STATEMENT OF CLAIM

On the space provided on the following pages, tell
1.      Who violated your rights;
2.      What each defendant did;
3.      When they did it;
4.      Where it happen; and
5.      Why they did it, if you know.

The Plaintiff;        Kenyatta Sobaesr Clincy,  herein Mr. Clincy, is an inmate at the  Kettle Moraine Correctional Institution; at P.O. Box 282,  Plymouth, Wisconsin,   53073, and is presently incarcerated   in   violation   of his Fourth, Fifth, Sixth, Eighth, and Fourteenth   Amendment due process rights due to the actions of all instated defendants as follows: that on or about the 5th day of April, 2011, defendant Laura Grambling-Perez and each of the below named defendants unlawfully conspired with each other and individually to do what they all recognized as acting beyond their authority as officers of the court under the color of law in the state of Wisconsin, city of Milwaukee as; court commissioner, police Detective, District attorney, Trial Judge, and Trial defense counsel respectfully; and agreed individually unlawfully and simultaneously one after the other to violate the plaintiff Mr. Clincy's constitutional rights ▄▄▄▄▄▄▄▄ as guaranteed under the under the 4th,5th, 6th, 8th, and 14th Amendments to the United States Constitution: to be free from the deprivation of liberty & property without due process of law, afforded the effective assistance of counsel, tried by an impartial judge, to be free from unlawful invasion of privacy, and unreasonable searches and seizures.

 Defendant, 1);        Judicial Court Commissioner – Laura Gramling-Perez,             who;  In  the Circuit Court for the First Judicial District of Milwaukee Wisconsin, issued a Warrant;  un-supported by probable cause; to search 1571 South Cesar Chavez Drive, upper apartment, City and County of Milwaukee, 53209;   on or about April 5th, 2011,   to assist Milwaukee Police Officers in  the search  and  seizure of Plaintiff's person  & personal property.   Plaintiff  seeks  a declaratory judgment  under 28 U.S.C. §§ 2201, 2202, concerning the

Complaint - 2

actions of defendant, 1); as complained about above.

Defendant, 2);        Detective Gust Petropoulos                                          .
                                                                                    (Name)
(if a person or private corporation) a citizen of         Wisconsin                          .
                                                                          (State, if known)
and (if a person) resides at _____.

and (if the defendant harmed you while doing the defendant's job)

worked for;  The Milwaukee Police Department – 3rd District 2333 N. 49th Street, Milwaukee, Wisconsin 53210 .
                                                          (Employer's Name and address, if known)

Who;        Swore on oath by affidavit to the Circuit Court for the First Judicial District, on April 5th, 2011, that

probable cause existed to search and seize objects from 1571 South Cesar Chavez Drive, upper apartment, City and

County of Milwaukee, 53209,   State of Wisconsin; that were not particularly described on the face of the warrant,

nor matched the particular description of the objects alleged to be stolen from 906 west Madison Street, City and

County of Milwaukee,  State of Wisconsin;  to cover up a general search executed by Detective, Daniel P.

Thompson.   Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201, 2202, concerning the actions of

defendant, 2); Detective Gust Petropoulos as complained about above.                                    .

Defendant, 3);      Detective Daniel P. Thompson                                              ,

is (if a person or private corporation) a citizen of         Wisconsin                          .
                                                                          (State, if known)
and (if a person) resides at_____.

and (if the defendant harmed you while doing the defendant's job)

worked for;        The Milwaukee Police Department – 3rd District, 2333 N. 49th                    .

Street, Milwaukee, Wisconsin 53210                                                .
                                                          (Employer's Name and address, if known)

Who;     executed the search warrant at 1571 South Cesar Chavez Drive, upper apartment, on April 5th, 2011; in

flagrant disregard of it's limitations;  seizing objects outside of the warrants' scope while searching for evidence of

crimes other than the alleged crime under investigation at 906 west Madison Street, in the City and County of

Milwaukee,  in the State of Wisconsin.        Plaintiff seeks a declaratory judgment; under 28 U.S.C.§§ 2201,

2202, concerning the actions of defendant, 3); Detective Daniel P. Thompson as complained about above     .

Defendant, 4);   Milwaukee Assistant District Attorney – Grant Huebner                              .

is (if a person or private corporation) a citizen of        Wisconsin                          ,
                                                                          (State, if known)

**Complaint-3**

and (if a person) resides at_____.

and (if the defendant harmed you while doing the defendant's job)

worked for; Milwaukee District Attorneys office, 821 W. State Street, 4th floor Rm. 405, Milwaukee, W.I. 53233 .
(Employer's Name and address, if known)

Who;_____ may have violated due process of law by both investigating the alleged crime committed at 906 west Madison Street, in the City & County of Milwaukee in the state of Wisconsin; and then also prosecuting the same alleged crime; by assisting police officers' investigation in the preparation of the affidavit used to secure the search warrant for 1571 South Cesar Chavez Drive, upper apartment, in the City and County of Milwaukee Wisconsin 53209; resulting in evidence against the plaintiff, and then also prosecuting the charges brought against the plaintiff from the evidence resulting from the search warrant at topic; and who also suppressed the same search warrant and related documents from plaintiff's defense counsel by not including them in discovery at plaintiff's preliminary examination on April 27, 2011 at the Milwaukee Court house at 901 N. 9th street, in Milwaukee, Wisconsin, 53233, and in doing so may have knowingly suppressed exculpatory evidence of the issuance of the search warrant not supported by probable cause, and the execution of the general search by Detective Daniel P. Thompson, so as to deprive the plaintiff of his liberty in violation of his due process of law rights. Plaintiff seeks a declaratory judgment; under 28 U.S.C. §§ 2201, 2202, concerning the actions of defendant, 4); Grant Huebner as complained about above._____.

Defendant, 5); State appointed counsel; Ann T. Bowe_____.
(Name)
is (if a person or private corporation) a citizen of _____ Wisconsin_____.
(State, if known)
and (if a person) resides at_ Law office of Ann Bowe, 2929 West highland Boulevard_____,

Milwaukee, WI 53208_____.

and (if the defendant harmed you while doing the defendant's job)

worked for; Wisconsin State Public defenders office, State Office. Building 819 N. 6th St. Milwaukee, W.I. 53203.
(Employer's Name and address, if known)

Who;_____ failed to investigate the circumstances behind the issuance and execution of the warrant to search 1571 South Cesar Chavez Drive, upper apartment, in the City and County of Milwaukee, 53209, in the State of Wisconsin; that resulted in the only damaging evidence against the plaintiff during representation as defense counsel from about April - 2011 to May – 2012; and then lied to plaintiff about reviewing the search warrant and

**Complaint-4**

related documents so as to induce the plaintiff into the taking a plea to aide and assist ADA – Grant Huebner in the suppression of would be exculpatory evidence; the issuance of the search warrant unsupported by probable cause, and the related documents allegedly not included in discovery; so as to deprive the plaintiff of his liberty in violation of his constitutional due process rights under the 4th, 5th, 6th, 8th, and 14th Amendment(s). Plaintiff; seeks a declaratory judgment; under 28 U.S.C. §§ 2201, 2202, as to the actions of defendant, 4); State appointed counsel Ann T. Bowe as complained about above.

Defendant, 6); State appointed counsel; Lori A. Kuehn 
(Name)
is (if a person or private corporation) a citizen of _____ Wisconsin _____.
(State, if known)
and (if a person) resides at  Attorney Lori A. Kuehn;  2266 N. Prospect Avenue, Suite 312, Milwaukee, WI 53202.
and (if the defendant harmed you while doing the defendant's job)

worked for; Wisconsin State Public defenders office, State Office Building, 819 N. 6th St. Milwaukee, W.I. 53203.
(Employer's Name and address, if known)

Who;  failed to point out the appropriate standard of law applying to *pre-sentencing* plea withdrawal at plaintiff's hearing on September 5, 2012, and then failed to cross examine prior defense counsel Ann T. Bowe at plaintiff's continuation *pre-sentencing* plea withdrawal hearing on October 4, 2012; with questions personally identified by judge; Brostrom who asserted would need answering before determining the burden for *post-sentencing* plea withdrawal met, then apparently some time between but outside of the September 5, 2012, and October 4, 2012 hearings engaging in ex parte communication with judge Brostrom; making an agreement with *not to* examine prior defense counsel Bowe with the key questions personally identified by judge Brostrom, *not to* address the viability of a suppression motion, *not to* ask what prior defense counsel Bowe knew of the search even absent the warrant, or what the case would have looked like had the evidence from the search been suppressed, and *not to* ask what was said to the plaintiff about the search and warrant to induce him to accept a plea. This was done by defendant 6); State appointed counsel; Lori A. Kuehn during her representation for the plaintiff from about May- 2012 to November 2012; to further assist in the suppression of the exculpatory evidence of the search warrant that was issued on less that probable cause, and to; deprive the plaintiff of his liberty in violation of his constitutional due process rights under the 4th, 5th, 6th, 8th, and 14th Amendment(s). Plaintiff; seeks a declaratory judgment under 28 U.S.C. §§ 2201, 2202; as to the actions of Defendant, 6); State appointed counsel Lori A. Kuehn as complained about above.

**Complaint-5**

Defendant, 7;   Milwaukee County Branch 6, Circuit court Judge; Ellen R. Brostrom                              .
(Name)

and (if a person or corporation) a citizen of _____Wisconsin_____.
(State, if known)

and (if a person) resides at_901 N. 9th Street, Rm 104, Milwaukee, Wisconsin,   53233,_____.

and  (if the defendant harmed you while doing the defendant's job)

worked for_____·_____Milwaukee County Court House;   Circuit court Judge, Branch 6,  901 N. 9th Street,  Rm 104,

Milwaukee, Wisconsin,   53233._____.
(Employer's Name and address, if known)

Who;____Applied the wrong standards of law to plaintiff's **pre-sentencing** motion for plea withdrawal on September

5, 2012  and  October 4, 2012,  by proceeding  on  the premise  that  plaintiff  must  prove  a  constitutional violation

occurred  before  his  plea  could  be  withdrawn prior to sentencing,  who;  also may have denied the plaintiff's right

to proceed pro se by refusing to take judicial notice to adjudicated facts the plaintiff provided in his pro se motion to

withdraw his plea, suppress evidence, and dismiss charges that were before the court prior to sentencing, and refused

to enter written orders denying plaintiff's pro se motion so as to deny him access to the Wisconsin appeals court on

those  issues  until  after  sentencing.  Who;  also engaged in ex parte communication with Defendant, 6);     State

appointed defense counsel;   Lori A. Kuehn; instructing defense counsel *not to* cross  examine  prior defense counsel

Bowe with key questions personally identified  by Judge, Brostrom, about what prior defense counsel Bowe  knew

of the search even absent the warrant, what the case would have looked like had the evidence from the search been

suppressed,  what  was  said  to  the  plaintiff about the search and warrant to induce him to accept a plea, and *not to*

addressing the viability of a suppression motion at the October 4, 2012 continuation plea withdrawal hearing judge

Brostrom  had  scheduled  particularly  for  such  a  determination.  Who;  also applied  the  wrong  standards  of law  in

denying plaintiff's writ of habeas corpus on collateral attack without holding a hearing, appearing to just ignore the

federal court's rulings on post conviction counsel's failure to raise a dead bang winner on direct appeal, and refusing

to address plaintiff's motion for a copy of the victim autopsy whereby plaintiff may have proof rather or not the

charge against him of 1st degree reckless injury is supported thereby; and done this to further deprive the plaintiff of

his liberty in violation of his constitutional due process rights under the 4th, 5th, 6th, 8th, and 14th Amendment(s).

Plaintiff; seeks a  declaratory judgment under 28 U.S.C. §§ 2201, 2202, concerning the actions of Defendant, 7;

**Complaint-6**

Branch 6, Milwaukee County Circuit court Judge; Ellen R. Brostrom as complained about above.

Defendant, 8;   State appointed appellant counsel, Pamela S. Moorshead.

(Name)

is (if a person of private corporation) a citizen of _____ Wisconsin _____.

(State, if known)

and (if a person) resides at_____ 735 N. Water St. Ste. 917, Milwaukee, WI 53202-4100 _____.

and (if the defendant harmed you while doing the defendant's job)

worked for____State Public Defender,  819 N. 6th St.  Milwaukee WI ,53203;  in the State Office Building at Rm. 908.

(Employers name and address, if known)

Who;       after investigating the circumstances behind the issuance and execution of the. warrant to search  1571 South Cesar Chavez Drive,   upper apartment, in the City and County of Milwaukee, 53209,  in the State of Wisconsin,   and discovering that the warrant did not particularly describe the objects of the search, and  that the objects listed on the warrant did not match the objects alleged to be missing, and  that in executing the warrant officers searched  places not authorized;  choosing  not to raise  prior defense counsel Bowe's or Kuehn's ineffective assistance  in failing to bring a suppression motion in the circuit court on those issues;  refusing to raise other dead bang winner issues pointed out by the plaintiff that may have resulted in reversal on appeal,  &  inadequately  raising issues of choice on post conviction relief  and   direct appeal;  to further deprive the plaintiff of his liberty in violation of his constitutional due process rights under the 4th, 5th, 6th, 8th, and 14th Amendment(s).  Plaintiff;  seeks a declaratory judgment under  28 U.S.C. §§ 2201, concerning the actions of Defendant, 8;   State  appointed  appellant counsel, Pamela S. Moorshead.

C.      JURISIDICTION

☑      I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐      I am suing under state law.  The state citizenship of the plaintiff(s) is (are)
Different from the state citizenship of every defendant, and the amount of
Money at stake in this case (not counting interest and cost) is
$_____.

D.      RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may
include an award of money or an order telling defendants to do something or to
stop doing something.

**Complaint-7**

I would like a declaratory review of my entire case under case no. 2011CF1752 , 13DJ000002, 2013AP1028, 2014AP1153-CR, and 2016AP1317; including my grievances to the Office of Lawyer Regulation and the Judicial Commission in the Wisconsin Supreme Court against Defendant 4); Milwaukee Assistant District Attorney – Grant Huebner, Defendant 5); State appointed counsel; Ann T. Bowe, Defendant 6); State appointed counsel; Lori A. Kuehn, & Defendant 7); Branch 6, Circuit court Judge; Ellen R. Brostrom. to determine if any due process violation occurred under the under the 4th, 5th, 6th, 8th, and 14th Amendment(s) to the United States Constitution resulting in the deprivation of plaintiff's liberty, and if upon any findings of substantive facts of due process violations; I would like for the court to consider the viability of the following relief if applicable: 1); Remand w/ Injunction 2); Monetary Damages, 3); Damages for Pain and Suffering and Emotional Distress, and 4); Time Served/Arbitration. .

E.   JURY DEMAND

I want a jury to hear my case.

☑ - YES        ☐ - NO

I declare under the penalty of perjury that the forgoing is true and correct.

Complaint signed this _____9TH_____ day of ___JULY_____ 2018.

Respectfully Submitted,

*Kenyatta S. Clincy*
Signature of Plaintiff

#163887_____,
Plaintiff's Prisoner ID Number

Kettle Moraine Correctional Institution,   P.O. Box 228_____,

Plymouth,   Wisconsin   53073-0282_____,
(Mailing Address of Plaintiff)

**Complaint-8**

**REQUEST TO PROCEED IN DISTRICRT COURT WITHOUT PREPAYING THE FULL FILING FEE**

☑    I DO request that I be allowed to file this complaint without paying the filing fee.

I have completed a Request to Proceed in District Court without prepaying the Full Filing fee form and have attached it to the complaint.

☐    I DO NOT request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

**Complaint - 9**