# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KENYATTA SOBEASR CLINCY,<br><br>Plaintiff,<br><br>v.<br><br>GUST PETROPOULOS, DANIEL P. THOMPSON, and GRANT I. HUEBNER,<br><br>Defendants. | Case No. 18-CV-1093-JPS<br><br>**ORDER** |

On July 16, 2018, Kenyatta Sobeasr Clincy ("Clincy") filed a *pro se* complaint against various defendants alleging that his civil rights were violated during the investigation of a state law crime for which Clincy was ultimately convicted. (Docket #1). On August 30, 2018, the Court issued a screening order allowing Clincy to proceed *in forma pauperis* on his claims arising from the alleged Fourth Amendment violations committed by defendants Grant I. Huebner ("Huebner"), Gust Petropoulos ("Petropoulos"), and Daniel P. Thompson ("Thompson"). (Docket #9).[1] On

---

[1] On December 13, 2018, Defendant Thompson filed a motion for extension of time to respond to the complaint, in which his attorney explained that she mistakenly believed Thompson was served on the same date as Petropoulos (i.e., October 19, 2018) rather than on September 26, 2018, which is when Thompson was actually served. (Docket #22 at 1–2). On December 14, 2018, Clincy filed a motion for default judgment against Thompson and Petropoulos, on the grounds that neither party answered the complaint within 20 days of service. (Docket #24 at 2). However, Defendants have 60 days to respond to the complaint if they waive service. Fed. R. Civ. P. 4(d)(3). Thompson and Petropoulos each waived service. (Docket #18 and #20). Petropoulos's answer was timely submitted on December 13, 2018; Thompson's was due on November 26, 2018, but submitted on December 13, 2018 as well, following the aforementioned motion for an extension of time.

September 12, 2018, Huebner filed a motion to dismiss the claims against him, asserting various defenses including that the action is barred by the statute of limitations and that he is protected by various forms of immunity. (Docket #13). Under Civil Local Rule 7, Clincy's opposition was due on October 3, 2018, but his opposition, which is dated October 11, 2018, was not received by the Court until October 19, 2018. (Docket #17). The Court granted Huebner's motion to dismiss as unopposed on October 16, 2018, and dismissed Huebner from the action. (Docket #16). On November 1, 2018, Clincy filed a motion for reconsideration of Huebner's dismissal. (Docket #19). In his motion, Clincy explains that he was confused about the length of time he had to respond to the motion to dismiss, as compared to the length of time to respond to a motion for summary judgment. *Id.* at 2; *see also* Civ. L.R. 56(b)(2) (allowing 30 days to respond to a motion for summary judgment); Civ. L.R. 7(b) (setting forth the general rule allowing 21 days for responses to motions).

Federal Rule of Civil Procedure 60 governs motions for relief from a judgment or order. Under this rule, the Court may relieve a party from an order if it determines there was "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6). In this case, it is clear that Clincy, a *pro se* litigant, was mistaken as to the deadline for submitting an opposition to the motion to dismiss. The Court finds this to be excusable neglect and good cause to

---

(Docket #22-1). The Court may allow extensions of time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In light of Thompson's attorney's confusion based on Petropoulos's service date, the Court finds there was excusable neglect. It will therefore grant the motion to extend, (Docket #22), and deny the motion for default judgment, (Docket #24).

reconsider its order dismissing Huebner's motion to dismiss as unopposed. (Docket #16). However, for the reasons discussed below, Clincy's opposition does not change the outcome of the Court's prior order. Defendant Huebner will remain dismissed from the case.

A party may move to dismiss a complaint if it fails to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480 (7th Cir. 2016) (quotation omitted).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480–81. However, a complaint that offers "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The Court is further obliged to give Clincy's *pro se* allegations a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's claims arise from his prosecution in Milwaukee County Circuit Court Case No. 2011CF001752, which concerned a home invasion. In that case, a victim was attacked in her home while her husband was at work. The husband returned home to find the house ransacked and his wife

unconscious and bleeding. Circumstantial evidence led police to a residence about fifteen blocks away, where Plaintiff lived in an attic room. After viewing the room with the permission of Plaintiff's girlfriend, police returned with a search warrant and seized several items connecting Plaintiff to both the room and the home invasion. Plaintiff pleaded no-contest to charges of theft and first-degree reckless injury. However, prior to sentencing, Plaintiff learned that his counsel had only recently obtained and reviewed the search warrant executed at his home, and he moved to withdraw his plea. He contended that his counsel's failure to investigate the circumstances of the search and seizure prior to the entry of his plea was a just reason to withdraw the plea. He was appointed counsel to represent him for the purposes of that motion. Following a hearing, the state trial court denied Plaintiff's motion, and sentenced Plaintiff to a significant term of imprisonment. Plaintiff appealed, and was represented by a new attorney during the post-conviction proceedings. His conviction and sentence were affirmed by the Wisconsin Court of Appeals and the Wisconsin Supreme Court.

In his complaint before this Court, Clincy alleges that Huebner assisted in preparing the affidavit for the search warrant at issue. (Docket #1 at 4). Clincy also claims that Huebner pursued baseless criminal charges against him and withheld exculpatory evidence, including evidence that one of the defendants conducted the search unlawfully. *Id.* In response, Huebner argues that the claims against him should be dismissed because, among other reasons, they are barred by the statute of limitations. (Docket #14).

A Wisconsin plaintiff must bring a Section 1983 claim within six years of its accrual. Wis. Stat. § 893.53; *Gray v. Lacke*, 885 F.2d 399, 409 (7th

Cir. 1989); *Hemberger v. Bitzer*, 574 N.W.2d 656, 660 (Wis. 1998).[2] Therefore, Clincy's claim needed to accrue on or after July 16, 2012; i.e., within six years prior to the filing of his complaint. (Docket #1).

A Section 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief[.]'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Usually, federal courts apply a discovery rule to evaluating statute of limitations issues, holding that constitutional claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011). However, the plaintiff need not understand the full constitutional injury and the likely cause of the injury. *See United States v. Kubrick*, 444 U.S. 111, 121–22 (1979); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992 (7th Cir. 2002). In other words, he need only know the *fact* that he was injured, not its legal significance.

Despite the general application of the discovery rule to Section 1983 cases, the Supreme Court and the Seventh Circuit have articulated a different rule for Fourth Amendment claims. As the Court noted in its screening order, (Docket #9), Fourth Amendment claims accrue on the date of the allegedly wrongful search or seizure, regardless of when the plaintiff discovered that the search or seizure was wrongful. *Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016) (citing *Wallace*, 549 U.S. at 396); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). The Court continues to observe that there

---

[2] 2017 Wis. Act 235, § 26, which changes the statute of limitations for bringing Section 1983 to three years, went into effect on April 5, 2018, and therefore does not apply to the claim at issue.

is tension between the rule in *Wallace* and the discovery rule that applies to other Section 1983 actions. *See Mihelic v. Will Cty., Ill.* 826 F. Supp. 2d 1104, 1111 (N.D. Ill. 2011); *Bennett v. Vahl*, 2011 WL 2415017, at *4–5 (N.D. Ill. June 10, 2011). Nevertheless, the Court is bound to apply the rule set forth by the Supreme Court and the Seventh Circuit.

Here, the allegedly wrongful search occurred on April 5, 2011. (Docket #1 at 2). Clincy knew or should have known that the search was unlawful on that date. *Neita*, 830 F.3d at 498. Therefore, he would have needed to file his case before April 5, 2017. But Clincy did not bring this action until July 16, 2018, which is outside of the six year statute of limitations. Indeed, in his opposition to the motion to dismiss, Clincy did not argue that he did not *know* of the violation until after July 16, 2012. Rather, he stated that throughout 2011 he sought records related to his arrest, and that he finally received them in July, 2012. (Docket #17 at 15). He argues, without legal basis, that "his attorney filed his motion to withdraw his plea concerning the defects in the search warrant in August of 2012 which means Mr. Clincy's lawsuit was filed within…the six years of which this action accrued." *Id.* However, the statute of limitations began to run when Clincy knew of the violation, not when he appreciated its legal significance. Therefore, the statute of limitations clearly bars the suit, and Huebner's motion to dismiss must be granted.[3] Although they did not file

---

[3]The Court observes that Huebner included evidence to illustrate that the suit would also be barred under the discovery rule. For example, Clincy's *pro se* motion to withdraw his state court plea states that he viewed the wrongful search warrant prior to June 18, 2012, which is the date on which he wrote to his lawyer and requested to withdraw the plea. (Docket #14-4 at 2). The Court also observes that a copy of the search warrant was apparently mailed to Clincy on June 7, 2012. (Docket #14-3 at 3; Docket #14-4 at 2). However, the Court does not consider these pieces of evidence in its ruling for two reasons: first, because the discovery rule is

a motion to dismiss, Thompson and Petropoulos also assert the statute of limitations in their answer. (Docket #22-1 at 5). Since the statute of limitations bars the entire suit, the claims against Thompson and Petropoulos will be dismissed as well. Accordingly, Clincy's motion for appointment of counsel (Docket #25) must be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Grant I. Huebner's motion to dismiss (Docket #13) be and the same is hereby is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Daniel P. Thompson's motion for extension of time to file an answer (Docket #22) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the claims against Defendants Daniel P. Thompson and Gust Petropoulos be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment against Defendants Daniel P. Thompson and Gust Petropoulos (Docket #24) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #25) be and the same is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**.

---

inapplicable here, and second, because doing so would require converting the motion to dismiss to a summary judgment motion. *See* Fed. R. Civ. P. 12(d).

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge